UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAWN MCDANIEL

VERSUS

GENERAL GROWTH SERVICES, INC.
D/B/A MALL OF LOUISIANA

CIVIL ACTION

NUMBER 15-331-SDD-SCR

**ORDER TO AMEND COMPLAINT**

Plaintiff Dawn McDaniel filed a Complaint asserting subject matter jurisdiction under 28 U.S.C. § 1332, diversity of citizenship. Plaintiff filed an Unopposed First Amending and Supplemental Complaint for Damages on June 29, 2015, joining as defendants Mall of Louisiana, LLC d/b/a Mall of Louisiana, and Xencom Facility Management, LLC.[1] As to both defendants, the plaintiff alleged that each is "a foreign limited liability company," and as to Xencom Facility Management also alleged that it has its principal place of business in Texas.

When jurisdiction depends on citizenship, the citizenship of each party must be distinctly and affirmatively alleged in accordance with § 1332(a) and (c).[2] Under § 1332(c)(1) a corporation is deemed to be a citizen of any state in which it is

---

[1] Record document number 5.

[2] *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991), *citing*, *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)(quoting 2A Moore's Federal Practice ¶ 8.10, at 1662).

incorporated, and of the state in which it has its principal place of business. For purposes of diversity, the citizenship of a limited liability company is determined by considering the citizenship of all its members.[3] Thus, to properly allege the citizenship of a limited liability company, the party asserting jurisdiction must identify each of the entity's members and the citizenship of each member in accordance with the requirements of § 1332(a) and (c).[4]

Plaintiff's jurisdictional allegations as to defendants Mall of Louisiana, LLC d/b/a Mall of Louisiana, and Xencom Facility Management, LLC, are not sufficient to establish diversity jurisdiction. The state where a limited liability company is organized and where it has its principal place of business does not determine its citizenship. And while it is unlikely that either defendant has a member who or which is a Louisiana citizen, the court cannot assume the facts needed to establish the existence of subject matter jurisdiction.

Therefore;

---

[3] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *see Carden v. Arkoma Associates*, 494 U.S. 185, 110 S.Ct. 1015, 1021 (1990).

[4] The same requirement applies to any member of a limited liability company which is also a limited liability company or a partnership. *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, 2007 WL 2848154 (M.D.La. Sept. 24, 2007)(when partners or members are themselves entities or associations, citizenship must be traced through however many layers of members or partners there are).

2

IT IS ORDERED that plaintiff Dawn McDaniel shall have ten days to file an amended complaint which properly alleges the citizenship of defendants Mall of Louisiana, LLC d/b/a Mall of Louisiana, and Xencom Facility Management, LLC.

**Failure to comply with this order may result in the case being dismissed for lack of subject matter jurisdiction without further notice.**

Baton Rouge, Louisiana, July 1, 2015.

　　　　　　　　　　　　　　　／s／ Stephen C. Riedlinger
　　　　　　　　　　　　　　STEPHEN C. RIEDLINGER
　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE